IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HAROLD KELLEY                                                                                    PLAINTIFF

v.                                          No. 4:05CV00690 JLH

RUSTY ROTHWELL, in his individual and
official capacity; AARON SIMONS, in his
individual and official capacity; LITTLE
ROCK POLICE DEPARTMENT and
CITY OF LITTLE ROCK                                                                        DEFENDANTS

**ORDER**

Before the Court is a motion to remand a case styled *State of Arkansas v. Harold Kelley*, Pulaski Circuit Court No. CV-2003-13500. On January 9, 2006, Kelley filed a notice of removal for this case. The State of Arkansas filed a motion in opposition asserting that the removal was untimely, which the Court took as a motion to remand. Because Kelley did not respond to the State's motion, the Court sent a letter to Kelley's attorney, Mr. Ronald L. Davis, informing him that unless a response was filed within five business days, the Court would assume that there was no opposition to the State's motion. After five business days had elapsed with no response, the Court remanded the case to the Pulaski Circuit Court on March 14, 2006.

On March 15, 2006, however, Mr. Davis informed the Court that he not received the Court's letter and requested five business days in which to respond to the State's opposition to removal. The Court granted Mr. Davis's request and rescinded its order remanding the case. Kelley then filed a reply disputing the State's assertion that the removal was untimely. The Court now addresses the State's motion to remand after reviewing Kelley's reply.

With certain exceptions, any civil action filed in a state court may be removed to federal

court by the defendant if the district court has original jurisdiction of the case.  28 U.S.C. § 1441(a).  This right of removal, however, is time-limited.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).  This time requirement for filing a notice of removal is mandatory and must be strictly applied.  *E.g.*, *Kerr v. Holland America-Line Westours, Inc.*, 794 F. Supp. 207, 210 (E.D. Mich. 1992).

The State asserts, and Kelley does not dispute, that he was served with a summons in the state court action on January 30, 2004.  As noted above, Kelley filed his notice of removal on January 9, 2006, which was 710 days after service of the summons.

Kelley now argues that under § 1446(b) "removal is allowed after any '30-day' considerations when other situations or conditions allow for removal."  The plain language of the statute, however, provides for removal more than 30 days after service upon the defendant only "[i]f the case stated by the initial pleading is not removable," but later becomes removable due to amendment of the pleading or otherwise.  *See* 28 U.S.C. § 1446(b).  Even then, the defendant has only 30 days from the time that it could "first be ascertained that the case is one which is or has become removable."  *Id.*  Kelley argues neither that this circumstance occurred nor that his notice of removal was filed within 30 days thereafter.  Kelley's notice of removal was therefore

untimely.

Even if the notice had been timely filed, however, the case would still have to be remanded to the state court because the State's action against Kelley presents no basis for federal jurisdiction and thus could not properly be removed. Although neither party has raised this issue, a federal court may sua sponte determine whether it has subject-matter jurisdiction of an action. *Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001). Federal district courts have original jurisdiction only in cases involving claims arising under federal law or diversity of citizenship, neither of which is presented by the State's action.

Diversity of citizenship exists between citizens of different states or between a foreign state as plaintiff and citizens of a state. *See* 28 U.S.C. § 1332(a). This action involves the State of Arkansas, as plaintiff, and one of its own citizens, Kelley,[1] as defendant. Accordingly, federal jurisdiction based on diversity of citizenship is not present.

Federal question jurisdiction exists only where a question of federal law appears on the face of the plaintiff's "well-pleaded complaint." 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3566 (2d ed. 1984). Federal jurisdiction may not be invoked on the basis of an answer raising a federal defense. *Id.* The State's complaint against Kelley is an action in rem for forfeiture of personal property pursuant to Arkansas law. No claims involving questions of federal law are stated in the complaint. Although Kelley asserts that the State of Arkansas has taken his property in violation of his constitutional rights, this argument merely presents Kelley's defense to the State's action

---

[1] Kelley asserts in his complaint in *Kelley v. Fleming*, 4:05CV690, Docket #1, that he resides in Pulaski County, Arkansas.

against him, which does not create federal jurisdiction. *See id.*

Because this Court does not have original jurisdiction of the State's action against Kelley, the case was not properly removable. Even if the case could have been removed, Kelley's notice of removal was not timely filed. Accordingly, the Court remands the case of *State of Arkansas v. Harold Kelley*, Pulaski Circuit Court No. CV-2003-13500, to the Pulaski County Circuit Court.

IT IS SO ORDERED this 28th day of March, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE